## CIRCUIT COURT OF THE CITY OF RICHMOND

Frank Mannino

v.

Bobby Manley
and Cynthia Jackson

January 11, 1979

Case No. B-1018

By JUDGE WILLARD I. WALKER

The facts of the matter are briefly stated as follows. On November 5, 1976, the defendant Bobby Manley was the operator of a 1976 two-door, hardtop Buick involved in an automobile accident on Nine Mile Road 155 feet west of Echo Avenue in Henrico County. As a result of this automobile accident, which involved a vehicle operated by the plaintiff, the plaintiff claims to have sustained certain injuries as a result of negligence of the defendant Manley. On August 18, 1978, the plaintiff filed suit in this court against Manley and a codefendant, Cynthia Jackson. Service of process was attempted against the defendant Manley at 5703 Eunice Drive, Henrico County. The return of service from the County of Henrico dated August 23, 1978, recites there is no such address in Henrico County. The address given by Mr. Manley on his report to the police and his report to the Division of Motor Vehicles was 5703 Eunice Court, Richmond, Virginia, whereas the address used on the notice of motion for judgment was 5703 Eunice Drive. No attempt was made by the plaintiff to serve the defendant Manley at the address shown in his report to the Division of Motor Vehicles and given to the investigating police officer. Subsequent to this attempted service, plaintiff attempted service against Mr. Manley at 1542 Clarkson Road, Richmond, Virgin-

ia, this being an address secured by the plaintiff from the Division of Motor Vehicles. On that return of service by Deputy Sheriff Tutwiler of the City of Richmond is the following language. "Mauch, Mullin, Clayton, names on mailbox. Apt. complex need Apt. room number." No such apartment number was ever furnished to the Sheriff, and no further attempt at service of process was made, other than that made upon the Commissioner of Motor Vehicles.

In the affidavit, which is required for proper service of process upon the Commissioner of Motor Vehicles, the affiant makes two substantial errors. One, he recites that the return of service when attempted upon the defendant Manley at 5703 Eunice Drive, showed that no such person lived at that address. As indicated above, that statement is incorrect. Secondly, he informed the Commissioner, under oath, that the return attempted service at 1542 Clarkson Road indicated that the defendant Manley had moved from that address and was not found in the Sheriff's bailiwick. That is also not in accord with the facts as reflected by the court's file. It therefore appears very clearly to me that there was no diligence used by the plaintiff in ascertaining the proper address of the defendant Manley before attempting to make service upon the Commissioner of Motor Vehicles as provided by the statute; and secondly, that the attempted service upon the Commissioner is defective because the affidavit submitted to the Commissioner is itself defective.

There is no need to reach the constitutional question addressed by counsel in their memoranda. Accordingly, service of process in this case is quashed.